IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. PJM 05-0179 |
| | * | |
| LESTER FLETCHER | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Lester Fletcher, proceeding *pro se*, has filed a "Motion to Dismiss the Constitutionality of Titles 18 & 21 U.S.C. Charges on Fifth & Tenth Amendment Grounds & Motion Pursuant to Rule 35 Illegal Sentence" ("Motion to Dismiss") [Paper No. 714] and a Motion for Judgment by Default Pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Motion for Default Judgment") [Paper No. 754]. Having considered Fletcher's motions and the Government's response thereto, the Court **DENIES** these motions.

### I.

In April 2005, Fletcher was indicted for his role in a multi-county drug conspiracy. The Grand Jury later returned a Superseding Indictment charging him with fourteen counts of various drug and money laundering offenses. A jury convicted him of all counts of the Superseding Indictment and he was sentenced to life imprisonment. The conviction was affirmed on direct appeal and Fletcher remains in federal custody. In July 2008, Fletcher petitioned this Court to vacate his conviction pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. The Court concluded that his claims were without merit and denied the motion. In 2010, the Fourth Circuit denied Fletcher's request for a certificate of appealability and dismissed his appeal.

1

Once again Fletcher appears before the Court. His Motion to Dismiss consists of two arguments. First, he argues that the federal criminal jurisdictional statute, 18 U.S.C. § 3231, is not valid because it was not enacted in accordance with procedures required by Article I of the Constitution. Second, he contends that he was not indicted by the required number of grand jurors and that his indictment was not returned in open court. In his Motion for Default Judgment, Fletcher argues that the Government did not respond to his Motion to Dismiss within the required time period and that he was never notified of the Government's request for additional time to file a response. As a result, he argues that he is entitled to default judgment under Federal Rule of Civil Procedure 55. Fletcher requests that the Court declare § 3231 unconstitutional, order his immediate release from custody, and expunge all information regarding his arrest and conviction.

## II.

There is a threshold issue about the proper characterization of Fletcher's Motion to Dismiss. The Motion requests relief pursuant to Federal Rule of Criminal Procedure 35 as well as *coram nobis* relief, but the Government argues that the motion is in substance a request for habeas relief under § 2255.

The Court agrees with the Government. Fletcher's motion is properly characterized as a § 2255 motion, and neither Rule 35 nor a writ of *coram nobis* provides an appropriate avenue for relief. Rule 35 allows a district court to modify a sentence in two circumstances: (1) if the sentence was the result of an arithmetical or technical error and the modification was requested within 14 days of sentencing; or (2) upon the Government's motion if the defendant provided substantial assistance to the Government in another investigation or prosecution. Neither circumstance is present here.

*Coram nobis* relief is also inappropriate. A writ of *coram nobis* is potentially available when the petitioner has finished serving a prison term but continues to suffer an adverse legal consequence as a result of the conviction. *See Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013). *Coram nobis* relief is not available if the petitioner can seek habeas relief under § 2255. *See United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012). Because Fletcher remains incarcerated and can seek relief under § 2255, *coram nobis* relief is inappropriate.

Recharacterization of a *pro se* party's request for relief is appropriate when the party's claims do not fall within the limited scope of the cited rule, but are potentially cognizable under some other rule or statute. *See United States v. Little*, 392 F.3d 671, 677 (4th Cir. 2004) (holding that court should recharacterize a *pro se* petitioner's Rule 35 claim as a § 2255 claim). Section 2255 explicitly authorizes the court to grant relief when the sentence was imposed in violation of a constitutional right or if the court was without jurisdiction to impose it. 28 U.S.C. § 2255(a). Because Fletcher raises both constitutional and jurisdictional claims, characterizing his motion as a request for relief under § 2255 is consistent with the substance of his claims.

### III.

Because he has previously attempted to obtain habeas relief, Fletcher's claims are procedurally barred. Before he can bring a successive habeas petition, he must first get a certification from the Court of Appeals. 28 U.S.C. § 2255(h). Until he gets the required certification from the Court of Appeals, this court cannot reach the merits of his claim. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

And, as before, Fletcher is plainly not entitled to a certificate of appealability. In order to receive permission to file a successive § 2255 motion, the petitioner must demonstrate that the successive petition either presents "newly discovered evidence that…would be sufficient to

3

establish…that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Fletcher's assertions that he was not properly indicted and that § 3231 is invalid do not implicate either exception to the bar on successive habeas petitions.

Fletcher sets great store by *Bond v. United States*, 131 S. Ct. 2355 (2011), which held that criminal defendants have standing to raise Tenth Amendment challenges to the statutes under which they are convicted. He suggests that *Bond* provides a retroactively applicable new rule that allows him to challenge his conviction. However, even if *Bond* did create a new rule that could be applied retroactively, it would only give Fletcher standing to raise a Tenth Amendment challenge, which he has not done.

**IV.**

All this said, even if the court reached the substance of Fletcher's claims, it would find his arguments without merit. He argues that because § 3231 was not properly enacted, it is invalid, and therefore federal courts are without jurisdiction to hear criminal cases. This contention has been characterized as a "hoax" and "rumor which has spread like wildfire to prisoners throughout the entire country." *Sainsbury v. Levi*, No. 07-cv-4545, 2007 WL 4104097, at *2 (E.D. Pa. Nov. 16, 2007). While the Fourth Circuit has not yet addressed the issue, every federal appellate court that has confronted the argument has rejected it. *See United States v. Bogle*, 522 F. App'x 15, 21-22 (2d Cir. 2013); *United States v. Gonzalez-Arenas*, 496 F. App'x 866, 867 (10th Cir. 2012) (characterizing argument as "frivolous"); *Wolford v. United States*, 362 F. App'x 231, 232 (3d Cir. 2010); *United States v. Campbell*, 221 F. App'x 459, 461 (7th Cir. 2007).

There are at least three bases for rejecting a challenge to the validity of § 3231. First, there is no credible evidence to suggest that § 3231 was not properly enacted. *See Sainsbury*, 2007 WL 4104097, at *2. Second, under the enrolled bill rule, once a bill has been signed into law, courts cannot examine whether the bill was actually passed by both houses of Congress and signed by the President. *See Field v. Clark*, 143 U.S. 649, 672 (1892). *See also Bogle*, 522 F. App'x at 21-22 (holding that challenge to § 3231 based on the validity of its enactment is barred by enrolled bill rule). Third, even if § 3231 were not valid, the predecessor jurisdictional statute would grant the Court jurisdiction over federal criminal cases. *United States v. Risquet*, 426 F. Supp. 2d 310, 311-12 (E.D. Pa. 2006).

Fletcher's claim that he was not properly indicted is also without merit. He simply asserts that he was not indicted on April 18, 2005 and does not address the fact that he was indicted again in February 2006. He provides no evidence to support his claim and does little more than make bald assertions that the 2005 indictment was defective. Fletcher's contention that he was not properly indicted is groundless and does not justify relief.

**V.**

Fletcher's Motion for Default Judgment is also denied. Federal Rule of Civil Procedure 55(d) provides that default judgment may only be entered against the United States "if the claimant establishes a claim or right to relief by evidence that satisfies the court." As discussed above, Fletcher's claims are without merit and he has not established that he is entitled to relief. Accordingly, the Motion for Default Judgment must be denied.

**VI.**

For the foregoing reasons, Fletcher's Motion to Dismiss the Constitutionality of Titles 18 & 21 U.S.C. Charges on Fifth & Tenth Amendment Grounds & Motion Pursuant to Rule 35

Illegal Sentence [Paper No. 714] and his Motion for Judgment by Default Pursuant to Rule 55 of the Federal Rules of Civil Procedure [Paper No. 754] are **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**March 26, 2014**