## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

LESTER FLETCHER,                                          Criminal Action No. TDC-05-0179-01

Defendant.

## MEMORANDUM ORDER

Defendant Lester Fletcher has filed a Corrected Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or, in the Alternative, for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act.  On August 14, 2006, following his conviction after a jury trial in the United States District Court for the District of Maryland, Fletcher was sentenced to a term of life imprisonment for conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("Count 1"), in violation of 21 U.S.C. § 846; 10-year sentences on each of six counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); a 20-year sentence for conspiracy to commit money laundering, in violation of 18 U.S.C. 1956(h); and 20-year sentences on each of four counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  All of Fletcher's sentences were ordered to run concurrently.  On October 12, 2018, this Court reduced the sentence on Count 1 to 30 years, pursuant to Amendment 782 of the United States Sentencing Guidelines ("the Guidelines").  ECF No. 817.

Fletcher is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio ("FCI-Elkton"), a prison which has been significantly impacted by the ongoing COVID-19 pandemic.  On April 22, 2020, in a class action case brought by FCI-Elkton inmates, including

Fletcher, the United States District Court for the Northern District of Ohio granted a preliminary injunction in which it ordered the Bureau of Prisons to identify medically vulnerable inmates, evaluate them for possible release under various authorities, and transfer to another facility any such inmates who were not to be released. *See Wilson v. Williams*, ___ F. Supp. 3d. ___, No. 4:20-cv-00794, 2020 WL 1940882, at *11 (N.D. Ohio Apr. 22, 2020). Fletcher has been identified as medically vulnerable but has not yet been designated for release or transfer.

The Motion is fully briefed, and the Court held a telephonic hearing with counsel on May 13, 2020 at which defense counsel confirmed that Fletcher was waiving his presence at the hearing. The parties agree that no further hearings are required.

## DISCUSSION

### I.      Section 404 of the First Step Act

#### A.      Legal Authority

As one basis for a reduced sentence, Fletcher invokes section 404 of the First Step Act ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). Enacted in 2018, this provision states that a sentencing court "may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Section 2 of the Fair Sentencing Act of 2010 ("FSA 2010"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), increased the threshold amount of crack cocaine that would trigger a mandatory minimum ten-year sentence for conspiracy to distribute or possess with intent to distribute controlled substances, 21 U.S.C. § 846, or the underlying substantive offense, 21 U.S.C. § 841(a)(1), from 50 grams to 280 grams. FSA

2010 § 2(a)(1); 21 U.S.C. § 841(b)(1)(A)(iii).  It increased the threshold amount of crack cocaine

that would cause the imposition of a mandatory minimum five-year sentence from 5 grams to 28

grams.  FSA 2010 § 2(a)(2); 21 U.S.C. § 841(b)(1)(B)(iii).

Here, Count 1, which charged Fletcher with conspiracy to distribute and possess with intent

to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of

21 U.S.C. §§ 846 and 841(b)(1)(A), is a "covered offense" under the First Step Act.  FSA § 404(a).

The United States Court of Appeals for the Fourth Circuit has explicitly rejected the Government's

arguments to the contrary.  It does not matter whether the Government presented evidence at trial

or sentencing showing that the drug quantity at issue was more than 50 grams of crack cocaine.

*See United States v. Wirsing*, 943 F.3d 175, 182, 186 (4th Cir. 2019) (rejecting this argument and

finding that an offense is a covered offense if the statutory penalty for the offense was modified

by Section 2 of the Fair Sentencing Act of 2010).  It does not matter that Count 1 also charged an

offense involving a quantity of powder cocaine that meets or exceeds the statutory threshold for

the ten-year mandatory minimum sentence.  *See United States v. Gravatt*, 953 F.3d 258 (4th Cir.

2020) (holding that an offense charging conspiracy to distribute and possess with intent to

distribute 50 g or more of crack cocaine and five kg or more of powder cocaine, in violation of 21

U.S.C. § 846 and § 841(a)(1), (b)(1)(A)(ii), and (b)(1)(A)(iii), was a "covered offense").  Thus,

the Court may resentence Fletcher on Count 1.

Nevertheless, because Count 1 included a conviction for a conspiracy relating to five

kilograms or more of powder cocaine, Fletcher remains subject to a ten-year mandatory minimum

sentence under 21 U.S.C. § 841(b)(1)(A)(ii).  Because the Government filed an information under

21 U.S.C. § 851 noting that Fletcher had a prior conviction for possession with intent to distribute

cocaine, the mandatory minimum sentence was increased to 20 years.  Notably, section 401 of the

3

First Step Act reduced that mandatory minimum sentence from 20 years to 15 years, and also altered the requirement for a predicate offense triggering the § 851 enhancement by now requiring that a predicate drug conviction be for a "serious drug felony." FSA § 401(a)(2); 21 U.S.C. § 841(b)(1)(A). Because the definition of "serious drug felony" includes a requirement that a defendant served more than 12 months on that conviction, and Fletcher's only prior drug distribution conviction resulted in three-year sentence but with all but 90 days suspended, PSR ¶ 48, the parties agree that if Fletcher were to be sentenced under present law, the § 851 enhancement would not apply, and the mandatory minimum sentence on Count 1 would be ten years. The parties, however, disagree on whether, based on section 404, the Court may engage in a plenary resentencing, consider statutory changes since the original sentencing, and apply the new requirement of a "serious drug felony" so as to eliminate the 20-year mandatory minimum sentence under § 851. In recent weeks, in *United States v. Chambers*, ___ F.3d ___, No. 19-7104, 2020 WL 1949249 (4th Cir. Apr. 23, 2020), the Fourth Circuit held that in a resentencing under section 404 of the First Step Act, the district court is required to recalculate the sentencing guideline range and to apply intervening case law identifying errors in Guidelines calculations deemed to apply retroactively. *Id.* at *4-6 (holding that the district court should apply such case law that invalidated the application of the career offender guideline). Where *Chambers* states that section 404 "directs the sentencing court to apply section 2 or 3 of the Fair Sentencing Act, and not some other section, or some other statute" retroactively, *id.* at *4, the Court finds that *Chambers* did not directly address whether intervening statutory changes not made retroactive, such as the changes in section 401 to § 851 enhancements, should be applied in a resentencing. Moreover, *Chambers* did not address Fletcher's argument that the First Step Act's statement that section 401 "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense

has not been imposed as of such date of enactment," FSA § 401(c), permits the changes in section 401 to be applied on a resentencing occurring after the date of enactment.

Here, the Court need not decide these questions because the Court concludes that even if it had the authority to apply section 401 retroactively and eliminate or reduce the 20-year mandatory minimum sentence based on the § 851 enhancement, such an action would have no effect on the ultimate sentence because, as discussed below, the Court concludes that the appropriate sentence on a section 404 resentencing remains at or above 20 years.

**B.     Resentencing**

Although the Court is permitted, based on section 404 of the First Step Act, to impose a reduced sentence on Fletcher, it is notable that any reductions in the mandatory minimum sentence on Count 1 would have no impact on the applicable Guidelines range. This is not a case in which a defendant faced a mandatory minimum sentence higher than the applicable Guidelines range that resulted a sentence significantly, or even modestly, above the Guidelines range. As the Court has previously found, even after applying the lower base offense level established in Amendment 782, *see* Am. 782 Order at 1, ECF No. 816, the updated base offense level is 36 based on the drug quantity established at sentencing of 1.5 kilograms of crack cocaine and 150 kilograms of powder cocaine, which equates to 60,000 kilograms of converted drug weight. U.S.S.G. § 2D1.1(c)(2). With a two-level enhancement for the presence of a firearm, U.S.S.G. § 2D1.1(b)(1), and a four-level enhancement for Fletcher's leadership role, U.S.S.G. § 3B1.1(a), the total offense level is 42. The parties agree that section 404 does not change any of these calculations. Where the criminal history category is I, the Guidelines range is 360 months to life imprisonment, well above any of the previously or potentially applicable mandatory minimum sentences.

Thus, any reduced sentence would require a downward variance based purely on the factors in 18 U.S.C. § 3553(a), which the Court can and must consider, as well as any relevant post-sentencing conduct.  *See Chambers*, 2020 WL 1949249 at \*6.  First, the nature and circumstances of the offense were very serious.  Fletcher was the ringleader for an extensive drug distribution conspiracy involving cocaine and crack cocaine, which he personally cooked at times.  On at least one occasion, a firearm was involved in the conspiracy.  Fletcher took advantage of others with drug habits and engaged in abuse, including sexual abuse of at least one of his co-conspirators, to the point that the sentencing judge considered him a "slave master."  Sentencing Tr. at 33, ECF No. 399.  Although Fletcher argues that the existing sentence is too harsh by present day standards, the Court notes that with the scope of the drug distribution activity and the sexual abuse established at trial, the nature and circumstances of the offense, including Fletcher's role in the conspiracy, would warrant a significant sentence in any era and would weigh against a downward variance from the applicable Guidelines range.

As for the history and characteristics of the defendant, at the time of the offense, Fletcher had dated convictions for car theft, a concealed weapon, and possession with intent to distribute cocaine that were more than 15 years old, and he was in criminal history category I.  PSR ¶¶ 44, 46, 48.  Despite many arrests, including for violent offenses, he did not have other violent or drug trafficking convictions.  At the time of his conviction, Fletcher had significant substance abuse problems involving crack cocaine.  PSR ¶¶ 117-118.  He owned a towing business and had prior employment as a mechanic.  PSR ¶¶ 123-125.  The Court finds that the defendant's limited criminal history and his substance abuse history weigh in favor of a downward variance from the Guidelines range of 30 years to life imprisonment.

6

As for other § 3553(a) factors, with the passage of time, the Court recognizes that by present standards, the length of imprisonment required to reflect the seriousness of this offense and to promote respect for the law has declined.  The First Step Act, including the changes relating to the threshold quantities of crack cocaine needed to trigger mandatory minimum sentences and those relating to § 851 enhancements, reflects this shift, even though those particular changes would have no direct impact on the sentence here.  As was noted at the hearing on the Motion, both sides agree that a 30-year sentence for this kind of offense, on a defendant in criminal history category I, would be highly unlikely to be imposed in a present-day sentencing in this District.

The Court also considers that the need to deter Fletcher and to protect the public from further crimes by him has diminished, particularly in light of Fletcher's advanced age and health conditions, which include chronic kidney disease, diabetes, and other maladies.  Finally, Fletcher has undisputedly demonstrated a positive record of post-offense rehabilitation while incarcerated.  Based on these factors, the Court finds that a downward variance is warranted.

The Court finds, however, that the defense request for a 13-year downward variance is not warranted by the present facts.  First, in light of the nature and circumstances of the offense, particularly the scope of the drug conspiracy and the sexual abuse of a co-defendant, the Court finds that such a dramatic reduction is not warranted.  Second, the Court has already factored in some of Fletcher's post-sentencing rehabilitation into the earlier reduction of the sentence on Count 1 from life imprisonment to 30 years.  Am. 782 Order at 2.  Third, the Court finds that the requested reduction would create unwarranted disparities with other co-defendants, particularly co-defendant James Edwards, who had a lower Guidelines range, was less culpable than Fletcher, accepted responsibility, and was sentenced to 292 months.  Finally, the Court notes that although Fletcher raises the issue of the ongoing COVID-19 pandemic and the conditions at FCI-Elkton, in

the civil class action case in which he is a plaintiff, the court has ordered the Bureau of Prisons to review Fletcher's circumstances, consider various options for release, and if none are found, to transfer him to another facility. *See Wilson*, 2020 WL 1940882, at *11. Thus, the direct threat of the pandemic to Fletcher is due to be addressed imminently. The Court therefore concludes that in light of the order requiring Fletcher's transfer, the threat of the COVID-19 pandemic is not presently a sufficient basis to warrant a further reduction in Fletcher's sentence all the way to time served.

For all of these reasons, the Court will grant a downward variance and sentence Fletcher to a term of imprisonment on Count 1 of 264 months, or 22 years. This sentence is sufficient but not greater than necessary to meet the purposes of sentencing. The sentences on the other counts will not be amended. The Court will issue a new Judgment reflecting this sentence. Fletcher may provide the revised Judgment to prison officials to assist with the ongoing review of his circumstances.

## II.      Compassionate Release

Fletcher has also sought a reduced sentence based on the separate compassionate release provision in 18 U.S.C. § 3582(c)(1)(A). The Government has asked that the Court stay this part of the Motion in light of the ongoing proceedings in *Wilson*. Although the Court does not agree that a formal stay is mandated or advisable, the Court requires additional information before resolving this part of the Motion. In particular, in order to assess whether release at this time is warranted based on the ongoing COVID-19 pandemic, the Court needs information on whether, pursuant to the order in *Wilson*, Fletcher will be released through some other mechanism, whether he will be transferred to another facility, and if so, what the conditions in that facility will be.

Accordingly, the Court will not decide this part of the Motion until after the parties submit additional information.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Fletcher's Motion, ECF No. 823, is GRANTED IN PART and DEFERRED IN PART.

2. Pursuant to section 404 of the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), Fletcher is re-sentenced to a term of imprisonment of 264 months on Count 1.  All other terms of the Judgment of Conviction of August 14, 2006, ECF No. 386, as amended on October 12, 2018, ECF No. 817, will remain the same.  An Amended Judgment shall issue.

3. As to the request for a reduced sentence based on compassionate release, the parties are directed to file a Joint Status Report by **Thursday, May 21, 2020** to inform the Court whether Fletcher remains incarcerated at FCI-Elkton, whether any decisions have been made to release or transfer him, and any other relevant information arising from the proceedings in *Wilson v. Williams*, No. 4:20-cv-00794 (N.D. Ohio 2020), or from actions taken at FCI-Elkton.  The parties may, if circumstances warrant it, file additional status reports prior to that date.


Date:   May 14, 2020                                      /s/ *Theodore D. Chuang*
                                                         THEODORE D. CHUANG
                                                         United States District Judge