UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FILED ___ ENTERED
___ LOGGED ___ RECEIVED

JUL 13 2020

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LESTER FLETCHER,<br><br>Defendant. | Criminal Action No. TDC-05-0179-01 |

## MEMORANDUM OPINION

Defendant Lester Fletcher, a federal prisoner at the Federal Correctional Institution in Elkton, Ohio ("FCI-Elkton"), has filed a Corrected Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or, in the Alternative, for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. On May 14, 2020, this Court granted the Motion in part and reduced Fletcher's sentence from 30 years to 22 years based on Section 404 of the First Step Act. The Court incorporates by reference the memorandum order granting the Motion in part ("the May 14, 2020 Order"), ECF No. 839, including both the background facts and legal analysis.

The Court deferred ruling on the remainder of the Motion, which seeks compassionate release based on the COVID-19 pandemic, and directed that the parties file Joint Status Reports on the issue of whether Fletcher would receive relief from the conditions at FCI-Elkton through is participation in *Wilson v. Williams*, ___ F. Supp. 3d. ___, No. 4:20-cv-00794, 2020 WL 1940882, at *11 (N.D. Ohio Apr. 22, 2020), a class action case challenging the conditions of confinement at that prison. The last of these reports, filed on June 5, 2020, stated that Fletcher has not been transferred or released to home confinement through that case, that he had contracted COVID-19 while at FCI-Elkton but has now recovered, and that the parties do not believe that further reports

will provide information relevant to the determination of the remaining issue in the Motion. Although the Government had requested that the Court stay this Motion pending the outcome in *Wilson* where a preliminary injunction entered in that case forecasted the possible release or transfer of Fletcher, on June 5, 2020, the United States Court of Appeals for the Sixth Circuit vacated the preliminary injunction. *Wilson v. Williams*, 961 F.3d 829, 845 (6th Cir. 2020). Where no relief is imminent in that case, the Court will proceed to resolve the Motion.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;

2

\* \* \*

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Fletcher argues that the COVID-19 pandemic, along with his age and medical conditions that place him at high risk for death or serious illness from COVID-19, presents "extraordinary and compelling reasons" warranting a sentence reduction to time served.

## I.     Exhaustion of Administrative Remedies

On May 21, 2019, Fletcher sent a request to the Warden of FCI-Elkton seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). The request was denied on June 4, 2019. A second request, filed on November 22, 2019, was denied on December 18, 2019. Although it is not clear whether Fletcher pursued all available appeals of these denials, under the statute, the exhaustion requirement is fulfilled "after . . . the lapse of 30 days from the receipt of such request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). That 30-day period has since elapsed. Although the Government argues that these requests do not count toward the exhaustion requirement because his earlier requests did not reference the COVID-19 pandemic, Fletcher sought compassionate release under the same statutory provision. The Government has cited no authority to support the view that after having been twice denied, an inmate may not rely on such denials to satisfy the exhaustion requirement. Indeed, the statute includes no language conditioning exhaustion on precise identity between the specific arguments made in the request to the Warden and those made in the motion filed in court. Accordingly, the Court finds that Fletcher has satisfied the statutory exhaustion requirement.

## II.    Compassionate Release

Fletcher argues that the COVID-19 pandemic and his specific vulnerability to COVID-19 based on age and medical conditions, present "extraordinary and compelling reasons" that warrant

3

a reduction in his sentence to time served. As of July 10, 2020, the pandemic has resulted in more than 12 million cases worldwide and over 550,000 deaths. Coronavirus Disease (COVID-19) Pandemic, World Health Org., https://www.who.int/emergencies/diseases/novel-coronavirus-2019, last visited July 10, 2020. In the United States, as of the same date, it has resulted in over three million cases and over 130,000 deaths. Cases in U.S., Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html, last visited July 10, 2020. In light of the shared facilities, the difficulty of social distancing, and challenges relating to maintaining sanitation, the risk of infection and the spread of infection within prisons and detention facilities is particularly high. *See Coreas v. Bounds*, No. TDC-20-0780, 2020 WL 1663133, at *2 (D. Md. Apr. 3, 2020) (citing expert opinions).

The Court finds that where an inmate is incarcerated within a prison in which there is imminent risk of exposure to the coronavirus and is at high risk for death or serious illness from COVID-19 based on age, medical conditions, or other factors, there would be "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A) that could justify a reduced sentence or release. Here, Fletcher has been incarcerated at FCI-Elkton, arguably the hardest hit federal prison in the United States. As discussed in the May 14, 2020 Order, FCI-Elkton has been the subject of a class action lawsuit alleging that the conditions of confinement, including the COVID-19 outbreak there, violate the constitutional rights of inmates. The United States District Court for the Northern District of Ohio granted a preliminary injunction in which it ordered the Bureau of Prisons to identify medically vulnerable inmates, evaluate them for possible release under various authorities, and transfer to another facility any such inmates who were not to be released. *See Wilson*, 2020 WL 1940882, at *11. Although that preliminary injunction has since been vacated by the Sixth Circuit, that court validated the district court's finding that COVID-19

had created an objectively serious medical emergency at FCI-Elkton by concluding that the presence of the coronavirus at FCI-Elkton and the dormitory-style housing there "present[] a substantial risk that petitioners at Elkton will be infected with COVID-19 and have serious health effects as a result, including, and up to, death." *Wilson*, 961 F.3d at 840. The court instead lifted the preliminary injunction based on its conclusion that despite this serious ongoing threat, prison officials had "responded reasonably to the risk" and were thus not likely to be deliberately indifferent in violation of the Eighth Amendment to the Constitution. *Id.* at 841.

The trajectory of cases at FCI-Elkton illustrates that regardless of the efforts of prison officials, the *Wilson* district court's conclusion that FCI-Elkton has been fighting a "losing battle" to contain the coronavirus was and remains accurate. Wilson, 2020 WL 1940882, at *1. As of April 22, 2020, when the preliminary injunction was entered, there were 59 cases of COVID-19 among inmates at FCI-Elkton, with 46 cases among staff. *Id* at *2. As of June 22, 2020, there were 77 active cases and a total of 573 inmates who had contracted COVID-19 at FCI-Elkton and had recovered. As of July 10, 2020, the number of recovered inmates had increased to 584 but the number of active, positive cases had jumped to 366. In total, nine FCI-Elkton inmates have died of COVID-19. COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/, last visited July 10, 2020. The over 900 cases at FCI-Elkton is the highest number of overall inmate cases of COVID-19 among all federal prisons. *See id.*

In the course of *Wilson*, Fletcher was identified as medically vulnerable but has not been released or transferred. Fletcher is presently 65 years old and has a variety of medical conditions, including Type 2 diabetes, chronic kidney disease, and hypertension. According to the Centers for Disease Control and Prevention, these conditions all can place someone at high risk for severe illness from COVID-19. *See* People Who Are at Higher Risk for Severe Illness, Ctrs. for Disease

Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html, last visited July 10, 2020. In the Joint Status Report of May 21, 2020, the Government has now acknowledged, based on current Department of Justice guidance, that Fletcher's age and medical conditions render him particularly vulnerable to COVID-19 under the CDC risk factors, and that these medical conditions may constitute an "extraordinary and compelling reason," in the present context of the COVID-19 pandemic, that would make him eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A). JSR ¶ 6, ECF No. 842. The threat to Fletcher has already come to pass. He was one of the FCI-Elkton inmates who contracted COVID-19 and has since recovered. Although arguably he may now be less vulnerable or immune from the coronavirus, there is no certainty about whether individuals who have already had COVID-19 now have immunity. Recently, Fletcher was returned to quarantine because he may have contracted COVID-19 again, or at least continues to have symptoms reflecting the continuing effects of COVID-19. Emergency Status Update at 1, ECF No. 852. Accordingly, the Court finds that the requirement of extraordinary and compelling reasons has been satisfied.

A reduced sentence or release based on extraordinary and compelling reasons also requires consideration of the factors in 18 U.S.C. § 3553(a) and an assessment of consistency with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant policy statement in the sentencing guidelines permits a reduction based only on meeting the broad category of "extraordinary and compelling reasons," U.S.S.G. § 1B1.13(1)(A) & app. note 1(D), which this Court has found. Notably, however, Fletcher arguably also meets one of the specifically identified bases for such a finding, that he is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and he has served at least 10 years or 75 percent of his sentence. U.S.S.G. § 1B1.13 app. note 1(B).

6

In light of Fletcher's advanced age, his numerous, serious health conditions, and his positive prison record, the Court finds that he does not present a danger to the community or any other person. U.S.S.G. § 1B1.13(2).

As for the § 3553(a) factors, the Court fully addressed these factors on two occasions and concluded that they warranted a substantial reduction in Fletcher's sentence. First, on October 12, 2018, after considering these factors, the Court reduced Fletcher's sentence from life imprisonment to 30 years, after his guidelines range had been reduced based on Amendment 782 to the Sentencing Guidelines. ECF No. 816. Second, in the May 14, 2020 Order, the Court considered them again in further reducing Fletcher's sentence pursuant to section 404 of the First Step Act from 30 years to 22 years. *See* May 14, 2020 Order at 9, ECF No. 839. Notably, however, the Court also found that those factors did not warrant a further reduction to a sentence of time-served. The Court therefore finds that the mitigating factors at issue, such as Fletcher's post-offense rehabilitation, have already been fully factored into prior sentence reductions.

Thus, the Court would consider a further sentence reduction only if the available evidence establishes that the impact of COVID-19 has been so severe, and the conditions at FCI-Elkton remain so dangerous, that Fletcher faces, presently and in the future, an imminent risk of death or serious illness that warrant an emergency sentence reduction that otherwise would not be warranted. That is the case here. Fletcher has been housed at FCI-Elkton, the federal prison with the most cases of any in the nation. Despite the efforts of prison officials, the number of cases continues to grow, with over 900 total cases and 366 current cases. Fletcher has already suffered through COVID-19 and now either has significant remaining health effects or a new case of COVID-19. The fact that Fletcher has had to endure incarceration in a facility with a rampant COVID-19 outbreak, and has himself fallen victim to the coronavirus, imposes an additional

sanction upon Fletcher that could not have been anticipated at the time of sentencing and warrants some reduction in his overall sentence.

Looking forward, even though Fletcher was found medically vulnerable, after months of litigation in *Wilson*, there is no sign that Fletcher will be transferred to a safer facility. BOP's inability or unwillingness to arrange for a transfer for such medically vulnerable victims reveals that Fletcher will continue to be exposed to a grave health risk indefinitely absent a reduction in sentence. Under these extraordinary circumstances, the Court finds that a sentence reduction under 18 U.S.C. 3582(c)(1)(A) is warranted to allow Fletcher to be released from FCI-Elkton but with a condition of supervised release that he serve a significant period of home detention in lieu of the remaining prison time. To allow for a period of quarantine before his release for public health reasons, the sentence reduction will be to time served plus 14 days.

At this point, Fletcher has served 69 percent of his overall sentence of 22 years, or 81 percent of the sentence he would serve if he receives good-time credits. Where Fletcher has approximately three and half years remaining on his sentence assuming good-time credits, the Court will impose two years of home detention as a condition of supervised release. Such a sentence is consistent with the § 3553(a) factors, as the overall time during which Fletcher's liberty is constrained will still constitute a substantial portion both of his overall sentence and his projected sentence, and the limited additional reduction is warranted in light of the suffering that Fletcher has endured as a result of the unprecedented COVID-19 outbreak.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Fletcher's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), will be GRANTED. A separate Order and an Amended Judgment shall issue.

Date: July 13, 2020 /s/ *Theodore D. Chuang*
THEODORE D. CHUANG
United States District Judge